WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | |
| ) | No. CR 21-3246-TUC-CKJ |
| vs. ) | |
| ) | **ORDER** |
| Miguel Alonso Vasquez Hernandez, ) | |
| Defendant. ) | |

Pending before the Court is the Motion to Dismiss Indictment Under 8 U.S.C. § 1326(d) (Doc. 15) filed by Defendant Miguel Alonso Vasquez Hernandez ("Hernandez"). On November 28, 2022, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") (Doc. 39) in which she recommends this Court deny the Motion. Report and Recommendation notified the parties that they had 14 days from the date of service of the Report and Recommendation to file any objections. Hernandez has filed an Objection (Doc. 40) and the government has filed a Response (Doc. 42).

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472-73, 88 L.Ed.2d 435 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed.R.Civ.P. 72(b)(3); *see also* 288 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

*Factual Objection*

Hernandez objects to the magistrate judge's statement "that other than the defendant's testimony that his lawyer did not properly advise him, there is no evidence of ineffective assistance of counsel." R&R (Doc. 39, p. 5). Hernandez asserts, "The Immigration Judge sua sponte stated from the bench that the state court attorney had other options, that the lawyer's performance was deficient[,]" which satisfies the first prong of the *Strickland v. Washington*, 466 U.S. 668(1984), ineffective assistance of counsel standard. Objection (Doc. 40, p. 4). The government argues, however:

> While defendant claims the immigration judge stated his previous attorney was deficient, this claim is not supported by any document in the record. The immigration judge was not making a ruling on whether prior defense counsel was ineffective; rather, the immigration judge was emphasizing the seriousness of defendant's criminal history.

Response (Doc. 42, p. 2).

To the extent this presents a factual dispute,[1] the Court agrees with the government. No evidence has been presented to this Court (or the magistrate judge) that the "Immigration Judge sua sponte stated from the bench that the state court attorney had other options, that the lawyer's performance was deficient." Objection (Doc. 40, p. 4). Rather, the Immigration Judge stated:

> And the conduct includes, or is very specifically laid out, as a lewd act with a child under the age of 14. This jurisdiction has other statu[t]es which would be less particularly serious, including the annoying or molesting a child which is not sexual abuse of minor. And in this case, because the respondent was in fact prosecuted under this particular statute and the statute contains the two elements, the court finds that by its nature its particularly serious element has been satisfied.

Ex. 1, Bates p. 0028-0029; Doc. 28, p. 5-6. Not only was the specific language asserted by

---

[1] During the October 26, 2022, hearing, the government stated its belief the issue was a matter of law. When asked if there was any factual dispute or if the defense just wanted an opportunity to make a full record, defense counsel stated he wanted to make a full record about whether Hernandez received proper advice with his predicate felonies.

- 2 -

the defense not stated by the Immigration Judge, but the context shows the Immigration Judge was referring to the seriousness of the crime, not the adequacy of counsel's representation.

The magistrate judge's statement "that other than the defendant's testimony that his lawyer did not properly advise him, there is no evidence of ineffective assistance of counsel[,]" R&R (Doc. 39, p. 5), is an accurate statement of the record before this Court (and the magistrate judge) as it pertains to counsel in the underlying criminal proceeding and counsel in the immigration proceedings.. The Court overrules the objection and adopts this statement.

*Objection to Citation to United States v. Palomar-Santiago*

Arguing *United States v. Palomar-Santiago*, 141 S.Ct. 1615 (2021), does not control this case, Hernandez objects to the magistrate judge's reliance on this case. As stated by Hernandez, *Palomar-Santiago* may be "relevant to cases where there has been a subsequent change of law that is favorable" to a defendant. Obj. (Doc. 40, p. 2). However, the Ninth Circuit has recognized that *Palomar-Santiago* may be relevant to a discussion regarding the exhaustion and deprivation-of-judicial-review requirements which a defendant must overcome. *See e.g. United States v. Castellanos-Avalos*, 22 F.4th 1142, 1145 (9th Cir. 2022). Indeed, "[b]ecause § 1326(d) framed its requirements using the conjunctive 'and,' [a] defendant need[s] to establish all three requirements to be eligible for relief. *United States v. Sam-Pena*, No. CR2100888001PHXGMS, 2022 WL 1443767, at *2 (D. Ariz. May 6, 2022), appeal dismissed, No. 22-10141, 2022 WL 17403200 (9th Cir. Aug. 30, 2022), *citing Palomar-Santiago*, 141 S.Ct. at 1621.

*Palomar-Santiago* sets forth the correct standard to analyze a defendant's collateral attack on an underlying removal. Indeed,

> [w]hen a defendant collaterally attacks the validity of a prior deportation order in a § 1326 prosecution, he must show that he exhausted his administrative remedies, that the deportation proceedings improperly deprived him of the opportunity for judicial review, and that entry of the prior deportation order was fundamentally unfair.

- 3 -

*United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1126 (9th Cir. 2013), *citing* U.S.C. § 1326(d)(1)-(3). "An underlying removal order is 'fundamentally unfair' if: '(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.'" *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, (9th Cir. 2004), *quoting United States v. Zarate–Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998).

Hernandez also relies on U.S.Sup.Ct.R. 14 to argue the Supreme Court only ruled on the narrow question on which certiorari was granted in *Palomar-Santiago*. However, the question upon which certiorari was granted in that case was:

> The question presented is whether a defendant automatically satisfies all three of those prerequisites solely by showing that he was removed for a crime that would not be considered a removable offense under current circuit law, even if he cannot independently demonstrate administrative exhaustion or deprivation of the opportunity for judicial review.

*USA v. Palomar-Santiago*, 2020 WL 5947898 (U.S.). Further, subsidiary issues to the umbrella claim may also be considered. *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 381 (1995); *see also id.* at 400-401, O'Connor, J., *dissenting*. The standard for analyzing a collateral attack was clearly within the Supreme Court's purview in *Palomar-Santiago*. The Court finds reliance on this case to be appropriate.

The Court will overrule Hernandez's objections and will adopt this discussion by the magistrate judge.

*Burden of Proof*

Hernandez points out the magistrate judge placed the burden of proof on Hernandez. He does not specifically object to this placement and, indeed, such objection would be overruled. A defendant has the burden of proof when collaterally attack on the validity of a removal order. *United States v. Gomez*, 757 F.3d 885, 892 (9th Cir. 2014). Further, a defendant has the burden to establish ineffective assistance of counsel at an immigration hearing. *Darme v. Garland*, 854 F. App'x 831, 834 (9th Cir. 2021), *cert. denied* 142 S. Ct.

822 (2022). To any extent Hernandez objects to the burden of proof being placed on him, the Court will overrule the objection.

*Ineffective Assistance of Counsel*

Hernandez objects to the magistrate judge's failure to find counsel during the underlying criminal proceedings and the immigration proceeding were ineffective.

As to the attorney representing Hernandez in the underlying criminal proceeding, Hernandez has not presented any authority that he may challenge his prior conviction on the basis of alleged deficient assistance of counsel as a basis to support dismissal of a §1326 offense. Further, as discussed, *supra*, the context of the Immigration Judge's statement shows the Immigration Judge was referring to the seriousness of the crime, not the adequacy of counsel's representation. Additionally, the Court agrees with the magistrate judge that Hernandez's statement that he was not advised of collateral consequences as required by *Padilla v. Kentucky*, 559 U.S. 356 (2010), is the only evidence of the alleged deficiency of counsel. For example, Hernandez could have provided a transcript or an affidavit from the attorney representing Hernandez in that proceeding.

While the ineffective assistance of counsel in an immigration proceeding may lead to a defendant, for example, being unable to make a considered decision to waive his right to appeal, *see e.g. United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1131 (9th Cir. 2013), such a defendant shoulders a heavy burden. The Ninth Circuit has stated:

> To demonstrate ineffective assistance of counsel, the petitioner must "clear several hurdles, both substantive and procedural." *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006). As a procedural matter, he must satisfy the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *Matter of Lozada* generally requires the petitioner to submit an affidavit to the BIA explaining the agreement with counsel, notify counsel of the allegations and allow counsel to respond, and file a complaint against counsel with the "appropriate disciplinary authorities," such as the state bar (or explain why such a complaint was not filed). *Id*. at 639. Here, the IJ and BIA determined that petitioner satisfied the requirements of *Matter of Lozada*, and we therefore do not address this issue further.
>
> On the substantive side, a petitioner alleging ineffective assistance of counsel also faces a notable burden. "[S]ince deportation and removal proceedings are civil, they are not subject to the full panoply of procedural safeguards accompanying criminal

> trials, including the right to counsel under the Sixth Amendment." *Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004), *as amended*, 404 F.3d 1105 (9th Cir. 2005) (quotation omitted).  Instead, the Due Process Clause of the Fifth Amendment governs, and the petitioner consequently "shoulder[s] a heavier burden of proof." *Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009) (quotation omitted).
>
> Under the Fifth Amendment, the petitioner must demonstrate that counsel's conduct was "egregious," *id*. at 1102, in that it rendered the proceeding "so fundamentally unfair that the alien was prevented from reasonably presenting his case," *Nehad v. Mukasey*, 535 F.3d 962, 967 (9th Cir. 2008) (quotation omitted). The petitioner must also show "substantial prejudice," meaning that counsel's performance was so inadequate that "the outcome of the proceeding may have been affected by the alleged violation." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quotation omitted); *see also Nehad*, 535 F.3d at 967.

*Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022).

Hernandez asserts his attorney in the original immigration proceedings failed to adequately investigate and successfully defend (e.g, recognizing other counsel may have been ineffective for failing to obtain better plea offer).  However, again it is only Hernandez's assertions to support his claim.  Further, Hernandez takes the Immigration Judge's statement out of context to allow him to speculate in such a way to support his claim of ineffective assistance.

The Court finds no basis to conclude counsel in the underlying proceeding or the immigration proceeding were ineffective or Hernandez was prejudiced by such alleged ineffectiveness.  The Court will overrule these objections of Hernandez.

Further, Hernandez having failed to make a pre-trial showing his deportation was defective, the Court will deny the Motion to Dismiss.

Accordingly, IT IS ORDERED:

1. Hernandez' Objections (Doc. 40) are OVERRULED.

2. The Report and Recommendation (Doc. 39) is ADOPTED.

3. The Motion to Dismiss Indictment Under 8 U.S.C. § 1326(d) (Doc. 15) is DENIED.

DATED this 16th day of January, 2023.

_____
Cindy K. Jorgenson
United States District Judge